IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN HEMSLEY, | ) | No. C 10-2820 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | ) ) | |
| MRS. TONI, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Mrs. Toni, an employee of the Santa Rita Medical Department, and the Santa Rita County Jail medical staff. Plaintiff's motion for leave to proceed in forma pauperis is granted in a separate order. For the reasons stated below, the Court dismisses the complaint with leave to amend.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

1 § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*
2 *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

3   To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1)
4 that a right secured by the Constitution or laws of the United States was violated, and (2) that the
5 alleged violation was committed by a person acting under the color of state law. *See West v.*
6 *Atkins*, 487 U.S. 42, 48 (1988).

7 B.   Plaintiff's Claims

8   It is difficult to discern what Plaintiff is challenging. His complaint avers that in 2008, he
9 was released from a hospital into the custody of Santa Rita County Jail. At the time he was
10 released, he had a severely low blood level. Dr. Toni[1] told him that he needed to return for more
11 blood because his blood level was too low. Plaintiff claims that at some point, he had issues
12 with his left eye and with his vision. It is unclear whether the eye problems are related to
13 Plaintiff's federal allegations. Plaintiff states that for a year, he suffered with "dangerously low"
14 blood levels, which resulted in joint pains, dizziness, and fainting spells. At one point, Plaintiff
15 fell during transportation to San Quentin while exiting the van. Plaintiff claims that he did not
16 receive the proper amount of blood until June 2009.

17   Plaintiff briefly states that the Defendants were deliberately indifferent to his medical
18 needs, but fails to lend any factual support to such a conclusion. A determination of "deliberate
19 indifference" involves an examination of two elements: the seriousness of the prisoner's medical
20 need and the nature of the defendant's response to that need. *See McGuckin v. Smith*, 974 F.2d
21 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104
22 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat
23 a prisoner's condition could result in further significant injury or the "unnecessary and wanton
24 infliction of pain." *McGuckin*, 974 F.2d at 1059. And, a prison official is deliberately indifferent
25 if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by
26 failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

27

28     [1] In the caption of his complaint, Plaintiff names "Mrs. Toni" as a defendant. The Court is not sure whether "Dr. Toni" and "Mrs. Toni" are the same person.

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.10\Hemsley820dwla.wpd          2

Plaintiff's complaint is too vague. He must file an amended complaint that cures the deficiencies identified in this order. First, the amended complaint must allege facts that show constitutional violations. The amended complaint should describe what happened, when it happened and how it violated his constitutional rights. Although the amended complaint need not provide every specific detail of the incident, the allegations need to be more detailed than that used in the original complaint. As the complaint currently reads, the Court cannot determine whether Plaintiff has a cognizable claim for a deliberate indifference to a serious medical need or any other constitutional violation.

Second, although the complaint names individual defendants, it does not link any defendant to the claims. In addition to providing factual information to show that constitutional violations occurred (as discussed above), Plaintiff must allege in his amended complaint who caused those constitutional violations. He needs to link each defendant to the claims by alleging facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants" or "the medical staff"); rather, he should identify each involved person by name and link each of them to the claim(s) by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1.  The Court DISMISSES the complaint with leave to amend.

2.  Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above if he can do so in good faith. The amended complaint must include the caption and civil case number used in this order (C 10-2820 LHK (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within thirty days and in accordance with this order will result in dismissal of this action.**

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.10\Hemsley820dwla.wpd    3

1       3.      Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

        4.      It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

        IT IS SO ORDERED.

DATED:   10/12/2010                         _____
                                            LUCY H. KOH
                                            United States District Judge