IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HEMSLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>MRS. TONI, et al.,<br><br>    Defendants. | No. C 10-2820 LHK (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

    Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Mrs. Toni, an employee of the Santa Rita Medical Department, and the Santa Rita County Jail medical staff. On October 12, 2010, the Court dismissed the complaint with leave to amend. On November 10, 2010, Plaintiff filed an amended complaint. For the reasons stated below, the Court dismisses the amended complaint with leave to amend.

**DISCUSSION**

A.    Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.10\Hemsley820dwla2.wpd

1  § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*
2  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

3        To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1)
4  that a right secured by the Constitution or laws of the United States was violated, and (2) that the
5  alleged violation was committed by a person acting under the color of state law. *See West v.*
6  *Atkins*, 487 U.S. 42, 48 (1988).

7  B.     Plaintiff's Claims

8        After screening Plaintiff's first complaint, the Court noted several deficiencies and
9  directed Plaintiff to amend his complaint to cure those deficiencies.  Specifically, the Court
10 observed that although Plaintiff alleged that Defendants were deliberately indifferent to his
11 medical needs, he did not proffer sufficient facts to support such a claim.  The Court informed
12 Plaintiff that his complaint was too vague, and that in his amendment, he should allege facts that
13 describe what happened, when it happened and how it violated his constitutional rights.  The
14 Court also directed Plaintiff to link his allegations to specific defendants.   Plaintiff was told that
15 he should identify each involved person by name and connect each of them to the claim(s) by
16 explaining what each defendant did or failed to do that caused a violation of his constitutional
17 rights.

18       In his amended complaint, Plaintiff alleges that when he arrived at the Santa Rita County
19 Jail in June 2008, he had a dangerously low blood count.  He informed the medical department
20 that he had sickle cell anemia.  Defendant Toni examined Plaintiff and remarked that his blood
21 level was "way too low," especially for someone with sickle cell anemia.  Toni stated that
22 Plaintiff would need to go to a hospital to receive more blood.  Plaintiff then claims that "no one
23 cared enough" to ensure that he got treatment, he had a crisis and lost sight in his left eye, and he
24 suffered from joint pain, dizziness, and fainting spells.  Plaintiff also explains that at some
25 unspecified time, during a transfer, he fell head first onto the ground.  Plaintiff did not receive
26 any additional blood until June 2009.  Also, in 2009, an ophthalmologist stated that Plaintiff had
27 suffered a mini-stroke and needed surgery to fix his eye.

28       Again, Plaintiff's amended complaint is insufficient to state a constitutional violation of

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.10\Hemsley820dwla2.wpd    2

deliberate indifference. A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060. Here, for example, aside from the allegation that Toni observed and recommended that Plaintiff receive blood treatment at the hospital, there is no claim that she purposefully acted or failed to act in getting Plaintiff that treatment. Nor is there an implication that she knew that a Plaintiff faced a substantial risk of serious harm <u>and</u> disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Without such information, Plaintiff does not state a constitutional claim against Toni.

Further, with respect to Plaintiff's naming the Santa Rita Medical Department as a defendant, Plaintiff should be aware that to impose municipal liability under § 1983 for a violation of constitutional rights, he must show: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to his constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff's amended complaint, even liberally construed, does not imply any municipal liability.

The Court will give Plaintiff **one last opportunity** to amend his complaint if he can do so in good faith. Plaintiff must link all defendants to his claims and provide sufficient facts supporting his claim so that defendants have fair notice of what the claim is and upon which grounds his claim rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). While a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-


Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.10\Hemsley820dwla2.wpd       3

56 (2007) (citations omitted).

Plaintiff must allege in his second amended complaint who caused the alleged constitutional violations. Plaintiff should describe what happened, when it happened, who was responsible, how that person was responsible, and how it violated his constitutional rights. He needs to link each defendant to the claims by alleging facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants" or "the medical staff"); rather, he should identify each involved person by name and explain what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. The Court DISMISSES the amended complaint with leave to amend.

2. Plaintiff shall file a SECOND AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above if he can do so in good faith. The second amended complaint must include the caption and civil case number used in this order (C 10-2820 LHK (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file a second amended complaint within thirty days and in accordance with this order will result in dismissal of this action.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice

of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: __1/21/11__

*Lucy H. Koh*
LUCY H. KOH
United States District Judge